13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Juventino CUEVAS-RAMIREZ, Defendant-Appellant.
 No. 93-2172.
 United States Court of Appeals, Tenth Circuit.
 Dec. 9, 1993.
 
 Before MOORE, ANDERSON and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Juventino Cuevas-Ramirez appeals his conviction of the offenses of importation of marijuana and possession with intent to distribute marijuana.[2] The only issue he raises is whether the district court erred in giving a "deliberate ignorance" instruction. Because there was a factual support for the instruction, we affirm.
 
 
 2
 Defendant drove a 1972 van into the United States from Mexico. The customs inspector at the port of entry noticed the roof of the van had been modified. He observed the roof had been painted a "blood-red" in contrast to the remainder of the vehicle which was a faded "quasi-red." Additionally he saw ripples in the metal and what appeared to be a four to six inch increase in the height of the roof. He consequently concluded a compartment had been constructed where none had existed before.
 
 
 3
 The officer asked defendant his citizenship and noticed his resident alien card was tendered with shaking hands. Because of the obvious modification of the vehicle and defendant's reaction, the officer referred the van to secondary inspection. Use of a drug sniffing dog and a probe of the roof disclosed the marijuana on which the conviction was ultimately based.
 
 
 4
 Through use of hearsay testimony permitted by the trial court,[3] and that of his son who accompanied him in the van, defendant was able to introduce evidence purportedly establishing his innocent possession of the vehicle. As an apparent consequence of this testimony, the court instructed the jury, in effect, guilty knowledge could be imputed to defendant if the jury found he deliberately ignored what would have been obvious to him. Defendant objected to the instruction, and argues on appeal, the instruction should not have been given because it was unsupported by evidence.
 
 
 5
 Overruling the objection, the district court said:
 
 
 6
 I think there is evidence presented from which the jury could consider that the defendant deliberately failed to observe what should have been apparent to him.
 
 
 7
 There was testimony about the various obvious modifications made to the vehicle. There really is no explanation as to why someone wanted to pay the defendant $100 to drive the vehicle a very short distance from Palomas to Deming and what was to be done with the vehicle when it got to Deming.
 
 
 8
 I think there were significant other suspicious circumstances that should have alerted anyone in that situation to make inquiry as to whether the trip was for an improper purpose.
 
 
 9
 Defendant contends there is no evidence that he purposely contrived to avoid learning the truth, but he does not assail this finding by the court. He merely argues, tangentially, that the customs agent was able to detect an alteration of the van through his training and experience. Defendant asserts there is no evidence that he had similar training or experience, so he should not be held guilty of deliberately ignoring what was obvious to the trained eye.
 
 
 10
 The government colorfully responds, "An elevated addition to the roof of a vehicle, especially a blood-red' modification standing in stark contrast with the faded autumnal hues which characterized the remainder of the same vehicle, should have alerted a profound dullard that something was amiss." We agree. When compared to defendant's evidence of his scrupulous effort to detect the presence of contraband in the vehicle, the stark contrast of the vehicle's obvious physical condition belie defendant's contention of innocent knowledge.
 
 
 11
 Moreover, "[w]e must review the tender of a deliberate ignorance jury instruction in a light most favorable to the government." United States v. Sasser, 974 F.2d 1544, 1551 (10th Cir.1992). In that light, we consequently conclude the trial court's instruction is supported by the evidence and was proper. United States v. Manriquez-Arbizo, 833 F.2d 244, 248 (10th Cir.1992).
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R.36.3
 
 
 [2]
 Although the appeal is substantially delayed, it results from a habeas corpus determination defendant was deprived of effective assistance of counsel. This holding was based on counsel's failure to institute an appeal. The remedy imposed by the district court was a resentencing which allowed defendant to seek a timely appeal
 
 
 [3]
 Over the government's objection, a paralegal employed by defense counsel was allowed to testify about interviews he conducted with two people. The paralegal related what he was told, evidently to establish the truth of those statements. Because defendant did not testify himself, the germane portion of that testimony was to establish defendant's lack of knowledge of the roof compartment or its contents